UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------×
ALBERTO RIVERA,

              *Plaintiff,*

              *v.*

EZ LIMOUSINE LLC and ALEKSANDR MATLS,
individually,

              *Defendants.*
-------------------------------------------------------------------------×

**16 CV 9611**

**COMPLAINT**

      Plaintiff Alberto Rivera, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendants EZ Limousine LLC and Aleksandr Matls as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff Alberto Rivera ("Plaintiff" or "Mr. Rivera") was employed by Defendant EZ Limousine LLC ("Corporate Defendant" or "EZ Limo") as a Senior Chauffeur. Corporate Defendant is a luxury chauffeur service which provides transportation services for high-profile clients in the New York City metropolitan area. Defendant Aleksandr Matls ("Individual Defendant" or "Mr. Matls") (Individual Defendant and Corporate Defendant are collectively referred to hereinafter as "Defendants") is Corporate Defendant's CEO.

      2.     Plaintiff seeks damages and costs against Defendants for failing to pay him at the overtime premium rate for hours worked in excess of forty (40) in a work week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 1–1200.

      3.     Plaintiff also seeks damages and costs against Defendants for failure to provide notice and keep records, in violation of the NYLL.

4. Plaintiff also seeks damages and costs against Defendants for *quantum meruit* and unjust enrichment, in violation of the New York state common law.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendants violated Plaintiff's rights under the FLSA.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's NYLL and common law claims, as they are so related to the FLSA claims that they form part of the same case or controversy.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District. Plaintiff picked up and dropped off Defendants' clients throughout counties in the Southern District of New York, including New York, Bronx, and Westchester Counties.

8. This Court has personal jurisdiction over Defendants, as Defendants have substantial contacts in New York State. Defendants directed Plaintiff to pick up and drop off Defendants' customers in New York City, as well as drive through New York City and New York State.

## PARTIES

9. Plaintiff, at all times relevant hereto, was and is a resident of Essex County in the State of New Jersey.

10. Upon information and belief, at all times relevant hereto, Corporate Defendant was and is a limited liability company organized under the laws of the State of New Jersey with offices located at 50 Galesi Drive, Wayne, New Jersey 07470 in Passaic County.

11. Upon information and belief, at all times relevant hereto, Individual Defendant was and is Corporate Defendant's CEO.

12. Defendants regularly do and solicit business in New York State and receive substantial revenue from chauffeur services rendered in New York State.

## COVERAGE UNDER FLSA

13. At all times relevant hereto, Plaintiff was Defendants' employee within the meaning of the FLSA.

14. At all times relevant hereto, Defendants were Plaintiff's employers within the meaning of the FLSA.

15. Plaintiff performed chauffeuring services for Defendants' clients at Individual Defendant's direction.

16. Defendants were, and continue to be, employers within the meaning of the FLSA.

17. At all times relevant hereto, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. Upon information and belief, Corporate Defendant's annual gross revenue was in excess of five hundred thousand dollars ($500,000) during the relevant time period.

19. At all times relevant hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA; Plaintiff picked up and dropped off Defendants' clients in the States of New York and New Jersey, among other places.

## STATEMENT OF FACTS

### I. Facts Common to All Claims

20. On or about March 4, 2016, EZ Limo hired Mr. Rivera as a Senior Chauffeur.

21. Throughout his employment with EZ Limo, Mr. Rivera was a diligent, dedicated employee who consistently fulfilled his job responsibilities.

22. During his employment with EZ Limo, Mr. Rivera drove many well-known celebrities, including Aretha Franklin, Cindy Crawford, T-Pain, Tony Bennett, Richard Gere, and the Pittsburgh Pirates baseball team.

23. On or about November 18, 2016, EZ Limo abruptly terminated Mr. Rivera's employment without explanation.

**II.    Overtime Claims**

24. Mr. Rivera was non-exempt from FLSA and NYLL overtime pay requirements throughout his employment at EZ Limo.

25. Mr. Rivera was supervised by Mr. Matls throughout his employment at EZ Limo.

26. Mr. Matls was responsible for making hiring and firing decisions, supervising and disciplining EZ Limo employees, deciding which clients EZ Limo would take on, and developing EZ Limo policy and strategy.

27. Mr. Matls assigned work to Mr. Rivera.

28. Mr. Rivera did not have a predetermined schedule or set hours.

29. Instead, Mr. Rivera worked on an on-call basis: Mr. Matls would text Mr. Rivera and inform him that there was a job.

30. Upon receiving a text from Mr. Matls notifying him of a job, Mr. Rivera was expected to leave immediately to pick up the client.

31. In sum, Mr. Matls was in charge of managing and assigning daily tasks to Mr. Rivera, and Mr. Rivera performed work at Mr. Matls' direction.

32. Throughout his employment at EZ Limo, Mr. Rivera was paid a salary of one thousand dollars ($1,000.00) per week, intended as compensation for his work performed Friday through Sunday.

33. Assuming a work week of forty (40) hours, Defendants should have paid Mr. Rivera an hourly rate of twenty-five dollars ($25.00) an hour.

34. Mr. Rivera was paid an additional twenty dollars ($20.00) per hour for work performed on Saturdays.

35. Mr. Rivera worked approximately three (3) Saturdays per month during each month of his employment at EZ Limo.

36. Mr. Rivera worked between seventy-five (75) and eighty-five (85) hours per week throughout his employment at EZ Limo, as described below:

  i. Mr. Rivera worked three (3) to four (4) jobs per day.

  ii. Each job typically lasted a minimum of two (2) hours and a maximum of five (5) hours.

  iii. Mr. Rivera worked seven (7) days per week for three (3) weeks each month.

  iv. Mr. Rivera worked six (6) days per week for one (1) week each month.

  v. Mr. Rivera did not take a sick day or vacation in the entirety of his employment at EZ Limo.

37. As a result, Mr. Rivera worked in excess of forty (40) hours in every week of his employment at EZ Limo.

38. However, Defendants never paid Mr. Rivera at the overtime premium rate for hours worked in excess of forty (40) in a work week.

### III. Notice and Record-Keeping Claims

39. Defendants also failed to adhere to the notice and record-keeping requirements set forth in NYLL § 195 by failing to:

   i. provide Mr. Rivera, upon his hiring, a notice informing him of his hourly rate of pay (including the overtime premium rate), any allowances, the regular payday designated by EZ Limo, and EZ Limo's address and telephone number;

   ii. provide Mr. Rivera with a wage statement or paystub on each payday including the above information as well as Mr. Rivera's name and the dates covered by the payment;

   iii. notify Mr. Rivera in writing or by publicly posting its policy on sick leave, vacation, personal leave, holidays and hours; and

   iv. notify Mr. Rivera of the termination of his employment, in writing, including the exact date of his termination.

### IV. Gratuity Claims

40. EZ Limo serves private clients, as well as clients who are referred to EZ Limo by two other luxury chauffeur companies: London Towncars of New York, Inc. ("London Towncars"), and LimousinesWorldwide.com, Inc. ("Limousines Worldwide").

41. Mr. Matls would call London Towncars and Limousines Worldwide to ask if they had any jobs available; likewise, London Towncars and Limousines Worldwide would contact Mr. Matls to inform him that there was a job available, typically requesting a specific vehicle in EZ Limo's fleet.

42. Upon information and belief, London Towncars and Limousines Worldwide both charge their clients a gratuity for each job, to be paid to the chauffeur.

43. Upon information and belief, these gratuities are individually calculated for each job based on several factors, including client, job length, and vehicle type.

44. However, Mr. Rivera never received any gratuities for any ride, including London Towncars and Limousines Worldwide referrals, in the entirety of his employment at EZ Limo.

45. Upon information and belief, Defendants retained the chauffeurs' gratuities that were billed to clients of EZ Limo who were referred by London Towncars and Limousines Worldwide.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Unpaid Overtime in Violation of the FLSA

46. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 45 with the same force as though separately alleged herein.

47. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

48. The FLSA mandates that employers compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) in a work week.

49. Defendants willfully violated the FLSA's overtime requirement by not paying Plaintiff at the overtime premium rate for hours worked in excess of forty (40) in a work week.

50. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest and reasonable attorneys' fees, costs, and interest related to the action.

## SECOND CAUSE OF ACTION
### Unpaid Overtime in Violation of the NYLL

51.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 50 with the same force as though separately alleged herein.

52.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL.

53.     The NYLL mandates that employers must compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) hours each week.

54.     Defendants willfully and intentionally violated the NYLL's overtime requirement by not paying Plaintiff at the overtime premium rates for hours worked in excess of forty (40) in a work week.

55.     Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest and reasonable attorneys' fees, costs, and interest related to the action.

## THIRD CAUSE OF ACTION
### Failure to Provide Notice and Keep Records in Violation of the NYLL

56.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 55 with the same force as though separately alleged herein.

57.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL.

58.     NYLL § 195 mandates that employers keep certain records and provide certain notices to their employees.

59.     Defendants violated the NYLL's notice and record-keeping requirements by not providing Plaintiff with the notices to which he is entitled under the NYLL.

60. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants fifty dollars ($50) for each work day that the violations occurred or continue to occur, reasonable attorneys' fees, and costs related to the action.

## FOURTH CAUSE OF ACTION
### *Quantum Meruit* in Violation of the New York State Common Law

61. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 60 with the same force as though separately alleged herein.

62. Plaintiff performed services for Defendants in good faith.

63. Defendants accepted Plaintiff's services rendered.

64. Plaintiff's services were rendered with the expectation of compensation.

65. The value of Plaintiff's services was calculated in part by gratuities.

66. By failing to pay Plaintiff the gratuities he was owed, Defendants failed to compensate Plaintiff for the reasonable value of his services.

67. Plaintiff is entitled to recover from Defendants his unpaid compensation, interest and reasonable attorneys' fees, costs, and interest related to the action.

## FIFTH CAUSE OF ACTION
### Unjust Enrichment in Violation of the New York State Common Law

68. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 67 with the same force as though separately alleged herein.

69. Defendants retained gratuities which Plaintiff should have received.

70. Defendants were enriched by retaining these gratuities.

71. Defendants' enrichment was at Plaintiff's expense: Plaintiff suffered an economic loss as a direct consequence of Defendants' enrichment.

72. The circumstances were such that equity and good conscience require Defendants to make restitution to Plaintiff.

73. Plaintiff is entitled to recover from Defendants his unpaid compensation, interest and reasonable attorneys' fees, costs, and interest related to the action.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial;

D. For the fourth cause of action, damages to be determined at trial;

E. For the fifth cause of action, damages to be determined at trial; and

F. For such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	December 13, 2016

By: _____
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiff*