UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------×
ALBERTO RIVERA,

        *Plaintiffs,*          17 CV 1483 (MCA) (LDW)
  v.

EZ LIMOUSINE LLC and ALEKSANDR MALTS,          **NEGOTIATED**
individually,                                  **SETTLEMENT**
                                               **AGREEMENT**

        *Defendants.*
-----------------------------------------------------------------------×

      This Negotiated Settlement Agreement ("Agreement") is entered into by and among Plaintiff ALBERTO RIVERA ("Plaintiff") on the one hand; and EZ LIMOUSINE LLC and ALEKSANDR MALTS (referred to herein as "Defendants"), on the other hand; jointly referred to in this Agreement as the "Parties."

      WHEREAS, a dispute has arisen regarding Plaintiff's employment with Defendants, and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the District of New Jersey, Civil Action No. 17-CV-1483 (hereinafter "the Litigation"), alleging a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny each and every allegation of wrongdoing, including the allegations and statements contained in the pleadings, and in any other document or statement whatsoever, including any violation of federal and state wage and hour and overtime laws; and

      WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Agreement, nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, collective bargaining agreement, internal policies, practices or procedures or of any other wrongdoing whatsoever; and

      WHEREAS, the Parties participated in a settlement conference with Hon. Leda D. Wettre on January 23, 2018, and the Parties were able to reach a resolution of the Litigation on March 19, 2018, and

      WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.  **Release of Claims:** Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from all claims as alleged in the Litigation, including all claims alleged under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Law ("NJWPL"), and the common law of the State of New Jersey, as well as any other state or federal statutory or common law claims that Plaintiff could have brought at any time leading up to the date of this settlement agreement.

2.  **Payment:** Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims against Defendants through the Effective Date of this Agreement, as defined in subparagraph (e) of this section, including all attorneys' fees and costs incurred by Plaintiff, the gross sum of twenty thousand dollars ($20,000.00) (the "Settlement Amount") to be paid to Plaintiff as follows:

    a.  Ten Thousand Dollars ($10,000.00), by check made payable to Alberto Rivera and delivered to Plaintiff's counsel within 48 hours of the Effective Date. This amount will be reported for tax purposes on an IRS Form 1099.

    b.  An Affidavit of Confession executed by Defendants and delivered to Plaintiff's counsel within 48 hours of the Effective Date.

    c.  Seven Thousand Dollars ($7,000.00), by check made payable to The Harman Firm, LLP, and delivered to Plaintiff's counsel on or before 60 calendar days from the Effective Date. This amount will be reported for tax purposes on an IRS Form 1099.

    d.  Three Thousand Dollars ($3,000.00), by check made payable to Alberto Rivera and delivered to Plaintiff's counsel on or before 60 calendar days from the Effective Date. This amount will be reported for tax purposes on an IRS Form 1099.

    e.  The "Effective Date" will be the date that the Court approves the Agreement.

3.  **Defendants' Breach of Section 2:**

    a.  In the event that the Settlement Amount is not paid by the payment dates set forth in Paragraph 2 above, or any settlement check fails to clear on its respective payment date, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendants by overnight mail, and the Defendants shall have ten (10) business days from the date of delivery of the Default Notice to cure the default by making such payment. In the event that Defendants do not cure their default within ten (10) days of receipt of the Default Notice, Plaintiff shall be entitled to seek liquidated damages of five thousand dollars ($5,000.00) for each default, as well as attorneys' fees and costs incurred in enforcing this agreement. The Parties agree to request that the Court retain jurisdiction over this matter for the purposes of any action to enforce the agreement. The Affidavits of Confession are only to be filed with the Court in the event of Defendants' default and failure to timely cure such default, as set forth herein. Plaintiff's counsel shall hold the Affidavits of Confession in escrow pending receipt of the final payment constituting the Settlement Amount. In the event that all of the payments are made, Plaintiff's counsel shall immediately return the original Affidavits of Confession to Defendants' counsel by mail and shall keep no copies thereof, either in hard copy or digital format.

4.      **Taxes:** The Parties acknowledge their good faith belief that the tax treatment of the above Settlement Amount is correct and proper under applicable law, rules and regulations. Regardless of any tax withholding or other deductions by Defendants, Plaintiff must ensure that all employee withholding and income taxes relating to the Settlement Amount properly are paid by Plaintiff. Defendants and Plaintiff expressly agree that should any taxing authority request information concerning any payments made to Plaintiff under this Agreement or render any assessment, decision, ruling or order concerning payments under this Agreement, the Party receiving such request, assessment, decision, ruling or order will notify the other Parties to this Agreement prior to responding to, and within five (5) calendar days of the receipt of, such request, assessment, decision, ruling or order.

5.      **No Other Claims:** Other than the instant Litigation, Plaintiff affirms that he presently is not a party to any claim against Defendants in any form or forum.

6.      **No Admission of Wrongdoing and Acknowledgement of Disputed Issues:** Plaintiff understands and agrees that Defendants has asserted defenses to the claims alleged in the Litigation. Among other things, Defendants dispute the fact and amount of Plaintiff's alleged claim for unpaid wages and overtime, or that Plaintiff was retaliated against for seeking overtime pay. Plaintiff agrees and acknowledges that this Settlement Agreement is a "no fault" settlement in light of disputed claims and defenses, and that nothing contained herein (or in the attachments to this document) shall constitute or be treated as an admission of any liability or wrongdoing by Defendants. Plaintiff further understands and agrees that he would not be entitled to receive the Settlement Amount specified in Paragraph 2 above, except for his execution of this Agreement and his authorization to have his attorney execute the Stipulation And Order Of Dismissal attached hereto as Exhibit A, and his fulfillment of all the promises contained herein that pertain to him.

7.      **Dismissal of the Litigation:** Plaintiff shall file with the Court a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this Agreement by reference), after the Court approves the Agreement.

8.      **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and all Defendants.

9.      **Acknowledgments:** Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

10.     **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New Jersey, excluding the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the District of New Jersey, in any subsequent proceeding to enforce this Agreement.

11.     **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or

unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of the claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

12. **Capability to Waive Claims:** Plaintiff expressly represents that he is able to affect a knowing and voluntary waiver of all of his claims against Defendants in the Lawsuit, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs or other substances, or otherwise impaired. Plaintiff is competent to execute this Agreement and to waive these claims against Defendants. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle this case and to waive these claims against Defendants.

13. **Counterparts:** To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Any signature to this Agreement transmitted electronically and any copies of any signatures are valid and binding.

PLAINTIFF CONFIRMS THAT HE HAS BEEN AFFORDED A REASONABLE PERIOD OF TIME TO CONSIDER THIS NEGOTIATED SETTLEMENT AGREEMENT AND THAT HE HAS CONSULTED WITH HIS ATTORNEY PRIOR TO EXECUTING THIS NEGOTIATED SETTLEMENT AGREEMENT AND THAT HE IS SATISFIED WITH THE REPRESENTATION OF HIS ATTORNEY.

HAVING ELECTED TO EXECUTE THIS NEGOTIATED SETTLEMENT AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO PLAINTIFF, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, VOLUNTARILY ENTERS INTO THIS NEGOTIATED SETTLEMENT AGREEMENT.

**THEREFORE,** the Parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

PLAINTIFF:

Dated: 3/27/18

ALBERTO RIVERA

DEFENDANTS:

Dated: 3/29/2018

_____
Aleksandr Malts
EZ LIMOUSINE LLC

Dated: 3/29/2018

_____
ALEKSANDR MALTS

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------------×

ALBERTO RIVERA,

       *Plaintiffs,*

  v.

EZ LIMOUSINE LLC and ALEKSANDR MALTS, individually,

       *Defendants.*

-----------------------------------------------------------------------×

17 CV 1483 (MCA) (LDW)

**STIPULATION OF DISMISSAL WITH PREJUDICE**

    IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the Parties, that the Court dismiss with prejudice the Complaint and any and all claims that were asserted in this action against all Defendants, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

    IT IS FURTHER STIPULATED and agreed, that the Court retain jurisdiction to enforce the Settlement Agreement, attached as Exhibit A to Edgar M. Rivera's Declaration in support of Plaintiff's Unopposed Motion For Preliminary Approval of Settlement (Docket Entry No. 48), for 100 calendar days after court approval of the Settlement Agreement.

**[SIGNATURES ON THE FOLLOWING PAGE]**

2

| *ATTORNEYS FOR PLAINTIFF* | *ATTORNEYS FOR DEFENDANTS* |
|---|---|
| By:   s/ Edgar M. Rivera<br>Edgar M. Rivera<br>THE HARMAN FIRM, LLP<br>220 Fifth Avenue, Suite 900<br>New York, New York 10001<br>T: (212) 425-2600<br>F: (212) 202-3926<br>E: erivera@theharmanfirm.com | By:   s/ John E. MacDonald<br>John E. MacDonald<br>CONSTANGY, BROOKS, SMITH &<br>PROPHETE, LLP<br>989 Lenox Drive, Suite 206<br>Lawrenceville, NJ 08648<br>T: (609) 357-1183<br>F: (609) 357-1196<br>E: jmacdonald@constangy.com |
| Dated: March 30, 2018 | Dated: March 30, 2018 |

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2018

_____

2