**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------------×

ALBERTO RIVERA,

            *Plaintiff,*

   *v.*                                 **17-cv-1483**

EZ LIMOUSINE LLC and ALEKSANDR MALTS,
individually,

            *Defendant.*

-------------------------------------------------------------------------×

## ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT

**TO EACH PARTY AND THE COUNSEL OF RECORD FOR EACH PARTY:**

This matter came on for hearing upon Plaintiff's Motion for Approval of Settlement. The Court having considered the Settlement Agreement, the instant motion, all papers filed and proceedings herein and all written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of the litigation.  Consent to Magistrate Judge jurisdiction was also filed.  ECF No. 50.

3.     The Court finds in favor of final settlement approval.

4.     Approval of a settlement resolving claims under the FLSA requires the Court to scrutinize its terms for fairness and determine that it resolves a *bona fide* dispute. *Bredbenner v. Liberty Travel, Inc.*, No. 09 Civ. 1248 (MF), 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011) (citing *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1354 (11th Cir.1982)); H.R. Rep. No.

101–664, at 18–19 (1990)). If the proposed settlement reflects a "reasonable compromise of disputed issues," the court should approve the settlement. *Id.*

5.     The Court finds the Settlement Agreement resolved a bona fide dispute. The Parties' agreement settles several disputed legal and factual issues. Plaintiff filed the action claiming that Defendants failed to pay him one and one-half times his regular pay rate for all hours that he worked in excess of 40 hours per work week and unpaid gratuities. At all times, Defendants disputed their liability on these claims, asserting that Plaintiff was an independent contractor and therefore exempt from the FLSA's overtime requirement and that he was not owed gratuities. Thus, there are *bona fide* disputes between the Parties that were resolved through the arm's length settlement conference.

6.     The Court find that the terms of the Settlement Agreement are fair. As noted above, courts look to the adversarial nature of a case as an indicator of the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-54; *Bredbenner*, 2011 WL 1344745, at *11; *Clark v. Ecolab Inc.*, No. 07 Civ. 8623 (PAC), No. 04 Civ. 4488 (PAC), No. 06 Civ. 5672 (PAC), 2010 U.S. Dist. LEXIS 47036, at *24 (S.D.N.Y. May 11, 2010). The Parties' settlement negotiations, which included attending a settlement conference before this Court, also demonstrate fairness.

7.     The settlement here carries other indicia of fairness. Throughout the process, Plaintiff was represented by competent counsel experienced in wage-and-hour litigation. (Rivera Decl. ¶¶ 3–6.) The settlement was consummated after substantial investigation, which included the production of payroll data, tax forms, toll information, and stops, and a full and fair exchange

of information between the parties, so that the Parties were fully informed of the legal issues and evidence. (Rivera Decl. ¶ 7.)

8.      Further, Plaintiff receives payment of estimated alleged unpaid overtime wages, as well as attorneys' fees and costs. Significantly, Plaintiff will receive that money promptly (77 percent of his settlement total within 48 hours of court approval), avoiding the risks and delay inherent in continued litigation.

9.      Moreover, the Third Circuit recognizes a strong public policy in favor of settlements, since "they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. E. Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). The settlement here is consistent with that policy because it resolves a pending case and avoids a jury trial and likely appeals.

10.     Thus, the terms of the Settlement Agreement are fair.

11.     The Court finds the attorney's fees requested are reasonable.  Under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts determine attorneys' fees under either the lodestar method or the percentage-of-recovery method. *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12 Civ. 6820, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014). The lodestar method is performed by calculating the "lodestar multiplier." *In re AT & T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006). The multiplier is determined by dividing the requested fee award, determined from the percentage-of-recovery method, by the lodestar. *Id.* To determine the lodestar method's suggested total, the court multiplies "the number of hours reasonably worked on a client's case by a reasonable hourly billing rate for such services based on the given geographical area, the nature of the services provided, and the experience of the

attorneys." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005), *as amended* (Feb. 25, 2005).

12.     The percentage of recovery, however, is the prevailing method used by courts in the Third Circuit for wage and hour cases. *Keller v. TD Bank, N.A.*, No. 12 Civ. 5054, 2014 WL 5591033, at *14 (E.D. Pa. Nov. 4, 2014) (citing *Bredbenner,* 2011 WL 1344745, at *19). The appropriate percentage of the recovery, however, is crosschecked by the lodestar method. *Mabry v. Hildebrandt*, No. 14 Civ. 5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015). Where the total amount recovered by counsel is significantly less than the lodestar method would have permitted, a percentage as high as 40 percent is permitted. *Id.*

13.     Plaintiff's counsel's fee in this case is 33.33 percent of the total amount recovered minus expenses, plus those expenses, for a total of $7,000 ((($20,000-$500)/3) + $500 = $7,000). In this case, counsel submits that the fee as calculated under the lodestar method is over $25,000 plus $499.98 in costs. (*See* Ex. 2, Plaintiff's Attorneys' Fees and Costs.) In contrast, the fee requested under the percentage-of-recovery method is $7,000 (inclusive of costs).  The fee request under the percentage-of-recovery method is not a multiplier of the lodestar method and, thus, the lodestar cross-check supports the requested amount.

14.     As such, the Plaintiff's counsel's fee is reasonable.

15.     The Court will retain jurisdiction over the action for 100 days to enforce the Settlement Agreement. In *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375 (1994), the Supreme Court held that a district court lacks jurisdiction to enforce a settlement agreement following the dismissal of an action unless (1) the court retains jurisdiction, either by expressly doing so or by incorporating the terms of the settlement into its dismissal order, or (2)

there is an independent basis for federal jurisdiction. *Guiuan v. Villaflor*, 544 F. App'x 64, 65 (3d Cir. 2013) (citing *Kokkonen*, 511 U.S. at 381-82).

16.     The Court accepts the Stipulation of Dismissal, in which the terms of settlement are incorporated by reference, and retain jurisdiction over the case for 100 calendar days after court approval of the Settlement Agreement.

17.     Based upon the settlement hearing in this matter and the record of evidence, the Court finds the requirements of claims under FLSA have been satisfied as follows:

   a.   The Settlement Agreement resolved a bona fide dispute;

   b.   The terms of the Settlement Agreement are fair;

   c.   The Settlement Agreement is in line with the Third Circuit's preference for settlements;

   d.   The attorney's fees requested are reasonable; and

   e.   Court retains exclusive and continuing jurisdiction over the litigation for the purposes enforcing the Settlement Agreement for 100 calendar days.

18.     The motion for approval at ECF No. 47 is **GRANTED** and the motion shall be terminated by the Clerk of the Court.

**Dated:** April 30, 2018
        Newark, New Jersey

                                        Leda D. Wettre
                                        United States Magistrate Judge